UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. HOUSE,

        Plaintiff,

v.

WILLIAM WARMINGTON, et al.,

        Defendants.

Case No. 16-cv-02-pp

---

**ORDER DISMISSING SECOND AMENDED COMPLAINT (DKT. NO. 5) AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

---

On January 4, 2016, the plaintiff (who is a former state inmate now on active community supervision, and who is proceeding without a lawyer) filed this complaint, alleging that the defendants violated various of his constitutional rights. Dkt. No. 1. He also filed a motion asking the court to allow him to proceed *in forma pauperis*. Dkt. No. 2. The plaintiff filed an amended complaint four days later, Dkt. No. 4, and filed a second amended complaint three weeks after that, Dkt. No. 5. Because none of the plaintiff's complaints have been served yet, the plaintiff's second amended complaint supersedes his original and first amended complaints, and that is the complaint the court screens below.

**Screening of the Second Amended Complaint**

Section 1915(e)(2)(B)(2) requires a court to dismiss a case at any time if the court determines that it "fails to state a claim upon which relief may be granted." For this reason, district courts "screen" complaints filed by self-

1

represented plaintiffs, to determine whether the complaint must be dismissed under this standard.

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual

allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

The second amended complaint alleges that the defendants violated a number of his Constitutional rights, and fraudulently concealed those violations. The court interprets those allegations as a claim that the defendants violation the plaintiff's civil rights, in violation of 42 U.S.C. §1983.[1]

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)).

Under Wisconsin law, constitutional claims under §1983 are subject to a six-year statute of limitations. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989) (treating alleged constitutional violations as personal injury claims); Wis. Stat. Ann. §893.53. A §1983 claim accrues "when the plaintiff has a complete and

---

[1] On page 2 of the January 4, 2016 original complaint, the plaintiff stated that the defendants violated his rights under 18 U.S.C. §3771. Section 3771 of the federal criminal code provides certain rights to victims of defendants who are being criminally prosecuted in federal court. The plaintiff does not allege that he was the victim of someone who was prosecuted on federal criminal charges, and thus §3771 does not apply to him. Further, he did not raise this allegation again in the second amended complaint, and that document supersedes the original complaint.

present cause of action." Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007). The six-year period starts to run either when the plaintiff discovers his injury or should have discovered it with "reasonable diligence." Hanson v. A.H. Robins, Inc., 113 Wis. 2d 550, 556, 335 N.W.2d 578, 583 (1983). "Wisconsin does not toll its limitations period for the time in which a person is incarcerated." Maddox v. Berge, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007) (citing Wis. Stat. §893.16); Storm v. Legion Ins. Co., 265 Wis. 2d 169, 197 n.24, 665 N.W.2d 353, 367 n.24 (2003) ("Imprisonment was removed as a disability under §893.16 in 1998."). "If the allegations of the complaint 'show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.'" Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 802 (7th Cir. 2008) (quoting Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007)).

As indicated above, the court has construed the second amended complaint as the plaintiff's attempt to sue the defendants (individual officers of the City of Racine Police Department, the City of Racine Police Department itself, and the City of Racine) under 42 U.S.C. §1983 for constitutional violations resulting from an alleged physical attack he suffered in 1996, when he was 15 years old. The plaintiff alleges that he was "brutally assaulted on August 27, 1996 in the city of Racine Wisconsin." Dkt. No. 5 at 5. He alleges that his attackers attacked him, forced him into a car, and took him to the home of someone named Tony Bean (who was one of his attackers." Id. He identifies another of his attackers as "Delvin Hoard." Id. The attack resulted in

4

the plaintiff being hospitalized at St. Mary's Hospital. Id. The plaintiff alleges that after the assault, he was "escorted to Inv. George Wanggard," an employee of the City of Racine Police Department. Id. He states that he was "visibly bloody" when defendant Wanggard saw him, and that due to a laceration he'd suffered in the attack, he had stitches above his right eye. Id. The plaintiff alleges that he told Wanggard that he'd been assaulted, and that he told both Wanggard and defendant Warmington (also a Racine police investigator) where he'd been taken. Id.

The plaintiff alleges that the individual defendants (all allegedly employed as officers of the Racine Police Department), the City of Racine Police Department, and the City of Racine failed to file a criminal complaint in response to the plaintiff's report of the assault, and fraudulently suppressed and concealed any potential investigation into plaintiff [sic] assault." Id. He alleges that they failed to interview "named suspects," failed to do any follow-up interview with him, failed to make any reports to the District Attorney's Office. Id. at 5-6. He contends that, because he was fifteen years old at the time, was mentally and physically incapacitated, and was incarcerated, he lacked the capacity to determine whether the City of Racine Police Department was actively investigating the alleged beating, and that he did not understand his rights to hold his attackers responsible for their actions. Id. at 6. The plaintiff alleges that the defendants' conduct violated his rights under each of the first fifteen amendments to the United States Constitution, except the Third Amendment. Id. at 5.

5

The plaintiff's complaint fails to state a claim on which this court can grant relief. First, the plaintiff's claims against the individual defendants are barred by Wisconsin's six-year statute of limitations applicable to constitutional claims under §1983. According to the complaint, the plaintiff reported the assault, and his injuries, to the defendants somewhere on or around August 27, 1996—nineteen and a half years ago. That is thirteen or so years beyond when the statute of limitations arguable could have begun to run. Wallace, 549 U.S. at 388, 127 S. Ct. at 1095; Gray, 885 F.2d at 409; Wis. Stat. Ann. §893.53.

The plaintiff seems to be aware that his claims might be barred by the statute of limitations, and thus he alleges that "he was mentally and physically incapacitated" and would not have discovered the City's violations of his rights even if he had exercised reasonable care and diligence. Dkt. No. 5 at 6. The plaintiff also "surmise [sic] that his limited mentally [sic] capacity crippled any potential avenue available to him to grasp that he in fact had a right and that the city of Racine Police Department in fact had circumvented it from him." Id.

Doubtless the defendant did not realize as of August 27, 1996 that the defendants were not going to take any action to investigate or prosecute his claims. But at some point, he became aware of that fact. By August of 1999, he would have turned eighteen. He no longer would have been a minor. By that time, three years would have passed during which presumably he was not interviewed about the attack, wasn't asked to come to court to testify, wasn't asked to identify his attackers. After three years with no action, the defendant

6

would have realized that the defendants were not pursuing his claims. Yet the plaintiff did not file a complaint at that time.

As of the date of this order, over nineteen years have passed since the date of the alleged assault, and the complaint does not allege any facts establishing why the plaintiff did not file his claims against the defendants until now. Under any construction of the facts, the statute of limitations has expired, and the court must dismiss the individual defendants under 28 U.S.C. §1915(e)(2)(B)(2).

Second, even if the plaintiff's complaint were not time-barred, the plaintiff's claim that the individual defendants failed to investigate his attack does not state a cognizable claim. "Federal courts in the Seventh Circuit have not recognized an allegation of inadequate police investigatory work as sufficient to state a civil rights claim in the absence of another recognized constitutional right." Jacobson v. Nat'l R.R. Passenger Corp., No. 97-C-2012, 1999 WL 1101299 at *10 (N.D. Ill., Nov. 29, 1999) (citing Bell v. City of Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984)). See also, Washington v. Godinez, No. 95-C-7612, 1996 WL 599055 at *3 (N.D. Ill., Oct. 17, 1996) (". . . there is no constitutional right to an investigation by a police officer unless another recognized constitutional right is involved.") "Indeed, police officers are not constitutionally mandated to conduct an investigation at all." Id. (citations omitted).

Third, the court must dismiss the plaintiff's §1983 claims against the City of Racine Police Department and the City of Racine. Section 1983 provides

7

for suits against a "person" who violates someone's civil rights under color of law. Neither the Racine Police Department nor the City of Racine is a "person." The United States Supreme Court has allowed §1983 suits in very limited circumstances, but the plaintiff has not alleged those circumstances. In Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91 (1978), the Supreme Court held that "[a] local governing body may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 303 (7th Cir. 2009) (citing Monell, 436 U.S. at 690). The plaintiff has not alleged any official policy, practice, or custom under which the municipal defendants decided not to investigate the alleged attack or attempted to prevent him from exercising his right to sue the individual defendants under §1983, nor did he allege any official with final policy-making authority made that decision.

The plaintiff's Monell claims against the municipal defendants also are barred by Wisconsin's six-year statute of limitations, because a municipality cannot be liable under Monell if there is no actionable underlying constitutional violation. See Petty v. City of Chicago, 754 F.3d 416, 424 (7th Cir.2014) ("To establish municipal liability and prevail on his Monell claim, . . . the plaintiff must establish: (1) that *he* suffered a constitutional injury, and (2) that the City authorized or maintained a custom of approving the

8

unconstitutional conduct. But if no constitutional violation occurred in the first place, a Monell claim cannot be supported.") (internal alterations and citation omitted); see also Sallenger v. City of Springfield, 630 F.3d 499, 505 (7th Cir. 2010) ("because there is no underlying constitutional violation, the City cannot be liable under Monell"). Thus, the plaintiff has failed to state claims under Monell against the City of Racine Police Department and the City of Racine, and the court will dismiss the plaintiff's claims against those entities.

**Granting the Plaintiff's Motion to Proceed *In Forma Pauperis***

In two other cases that the plaintiff previously filed in this court, the court found that the plaintiff did not have the ability to pay the filing fee. Order, Dec. 18, 2015, House v. Ptacek, No. 15-cv-1308, Dkt. No. 8 (E.D. Wis.); Order, Jan. 4, 2016, House v. Racine Cnty., No. 15-cv-1528, Dkt. No. 4 (E.D. Wis.). As the court explained in the prior cases, in order to allow a plaintiff to proceed without paying the filing fee, the court must decide whether the plaintiff has the ability to pay the filing fee. 28 U.S.C. §1915(a).

In his affidavit requesting to proceed without paying the filing fee in this case, the plaintiff indicated that he is single and unemployed. Dkt. No. 2 at 1. The affidavit does not identify any dependents that he is responsible for supporting. Id. For the past year, he lists no income other than $730 of Social Security disability payments (but it is not clear to the court whether that amount represents a monthly payment or a yearly total; the court assumes it is monthly). Id. at 2. He lists no expenses other than $650 per month in rent. Id. He lists no assets other than a 1994 Mercury Marquis. Id. The court concludes

9

from this information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee. The court will grant the plaintiff's motion to waive the filing fee Dkt. No. 2.

**Conclusion**

The court **ORDERS** that the plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. No. 2. The court **ORDERS** that the complaint is **DISMISSED** under 28 U.S.C. §1915(e)(2), for the reasons stated above.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

10

Case 2:16-cv-00002-PP   Filed 02/02/16   Page 10 of 10   Document 6